1
2
3
4
5
6
7
8              **UNITED STATES DISTRICT COURT**

9              **SOUTHERN DISTRICT OF CALIFORNIA**

10
11   STEINAR MYHRE,                          Case No.  13-cv-02741-BAS(RBB)

12                     Plaintiff,            **ORDER:**

13        v.                                    **(1)  GRANTING MOTIONS
                                                     TO DISMISS (ECF NOS.
14                                                   31, 32, 34, 39); AND**

     SEVENTH-DAY ADVENTIST
15   CHURCH REFORM MOVEMENT               **(2)  DENYING MOTIONS FOR
     AMERICAN UNION                              SANCTIONS (ECF NOS.**
16   INTERNATIONAL MISSIONARY                    **50, 52, 55, 62, 69, 72)**
     SOCIETY, *et al.*,
17
                      Defendants.
18

19        On November 14, 2013, Plaintiff Steinar Myhre ("Plaintiff") commenced this

20   action.  On January 6, 2014, Plaintiff filed an Amended Complaint ("FAC") against

21   seven defendants alleging breach of contract, breach of the covenant of good faith

22   and fair dealing, fraud, interference with contract, conversion, and civil conspiracy.

23   Plaintiff is a retired pastor who seeks money damages and injunctive relief for the

24   alleged termination of his pension benefits by his former employer.  Plaintiff claims

25   he was forced to retire over a theological disagreement in 2009; by then, he alleges

26   he had worked for Defendants for over twenty-seven years as an ordained minister.

27   Plaintiff claims his retirement payments ceased in 2013.

28        Defendants now move to dismiss Plaintiff's FAC under Federal Rule of Civil

                                    – 1 –                          13cv02741

1   Procedure 12(b)(1) for lack of subject matter jurisdiction, 12(b)(6) for failure to
2   state a claim, 12(b)(3) for improper venue, or in the alternative, under 28 U.S.C. §
3   1406(a) or 28 U.S.C. § 1404(a) to transfer venue.  (ECF Nos. 31, 32, 34, 39.)
4   Plaintiff opposes.   Plaintiff has also filed six motions for sanctions related to
5   Defendants' motions to dismiss.

6          A hearing on Defendants' motions to dismiss or transfer and Plaintiff's
7   motions for sanctions was held before this Court on August 15, 2014.  For the
8   following reasons, the Court **GRANTS** Defendants' motions to dismiss **WITH**
9   **LEAVE TO AMEND**, and **DENIES** Plaintiff's motions for sanctions.

10   **I.      BACKGROUND**

11         Plaintiff originally named as defendants two entities: the Seventh-Day
12   Adventist Church Reform Movement American Union International Missionary
13   Society, a New Jersey corporation ("IMS-NJ"), and International Missionary
14   Society Seventh-Day Adventist Church Reform Movement General Conference
15   ("IMS-GC").  (ECF No. 1.)  Plaintiff alleged that he resides in Colorado.  (*Id*. at ¶
16   1.)  Plaintiff further alleged that Defendant IMS-NJ is a New Jersey corporation
17   headquartered in Georgia and doing business in various states, including the State
18   of California and the County of San Diego (*id*. at ¶ 2) and that Defendant IMS-GC
19   is a California corporation headquartered in Georgia[1] and doing business in various
20   states, including the State of California (*id*. at ¶ 3).

21         On January 6, 2014, Plaintiff filed his FAC adding five more Defendants,
22   three more "American Union" defendants: (1) The Seventh-Day Adventist Church
23   Reform Movement American Union International Missionary Society, a Texas
24   corporation ("IMS-TX"); (2) The Seventh-Day Adventist Church Reform
25   Movement American Union, IMS, Inc., a Georgia corporation ("IMS-GA"); and (3)
26   The Seventh-Day Adventist Church Reform Movement American Union

27   _____

28   [1]     In the FAC, for unknown reasons, Plaintiff dropped the language that IMS-GC was "headquartered in Georgia."  (ECF No. 15 at ¶ 3.)

– 2 –

International Missionary Society, a Florida corporation ("IMS-FL"); as well as two additional defendants: (4) Miami Dade Area Seventh-Day Adventist Church Reform Movement, International Missionary Society Inc., a Florida corporation ("IMS-Miami"); and (5) Tampa Bay Area Seventh-Day Adventist Church Reform Movement, International Missionary Society, Inc., a Florida corporation ("IMS-Tampa").  (ECF No. 15.)  For each defendant, Plaintiff alleges that it is doing business in various states including California.  (*Id.* at ¶¶ 2-8).  Plaintiff further alleges that Defendant "American Union" has not maintained any principal place of business.  (*Id.* at ¶¶ 15-16.)

Plaintiff alleges jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1332 because the parties are citizens of different states and the amount in controversy exceeds $75,000.  (*Id.* at ¶ 17.)  The FAC alleges that Plaintiff is a resident of Colorado.  (*Id.* at ¶ 1.)  Nowhere in the Complaint does it allege that the Defendants do not have a principal place of business in Colorado.

Although Plaintiff merely alleges residency in the State of Colorado, there appears no dispute that he is, in fact, a citizen of that state.  (*Id.* at ¶ 1.)  There are no allegations that Colorado is either the principal place of business for or the state of incorporation for IMS-Miami, IMS-Tampa, IMS-TX, or IMS-GC.  For subject matter jurisdiction, the factual dispute appears to revolve around where the principal place of business is for IMS-NJ, IMS-GA, and IMS-FL.  Plaintiff alleges that all of the Defendants – except IMS-GC – should be considered one entity, and he refers to these Defendants jointly as "American Union."  (*Id.* at ¶ 15.)

### A.    Principal Place Of Business

Defendants allege that the principal place of business for IMS-NJ, IMS-GA, and IMS-FL is Colorado, defeating diversity jurisdiction.[2]    Plaintiff's FAC

---

[2]    Significantly, Defendants have difficulty maintaining the argument that their principal place of business is Colorado and, at various times, argue alternatively, that their principal place of business is Cedartown, GA.  (*See* ECF Nos. 32-1 at p. 9

13cv02741

provides:

> Upon information and belief, and based on admissions of Defendants, Defendant American Union has not maintained any principal place of business anywhere for almost 30 years.   However, Defendant American Union has churches located in various states, including five churches in California, five in Florida, three in Georgia, two each in New York and Texas, and one each in Illinois, Colorado, New Jersey, Rhode Island, Virginia, and Washington DC.

(*Id*. at ¶ 16.)   However, the FAC goes on to allege that, according to an American Union newsletter, the current physical address of American Union is Denver, Colorado  (*id*. at ¶¶ 40, 41); IMS-NJ, IMS-GA, and IMS-FL all list their principal place of business as being in Colorado (*id*. at ¶¶ 45-48, 80, 101); and the last few years Plaintiff received W-2s from American Union, they came from an address in Denver, Colorado (*id*. at ¶ 165).

The Vice President (and past President) of IMS-NJ helps explain the difficulty pin-pointing the principal place of business for each company.  Most of the officers work out of their houses, thus, the primary work of the officers and directors depends on who is elected and where that elected official is located.  (ECF No. 96-1, Exh. 1 ("Dering Depo.")  at p. 9.)  That changes every two years.  (*Id*. at p. 21.)   Most board meetings occur via teleconference, and, when officers and directors do meet in person, they vary the location.  (*Id*. at pp. 9-10.)  Nonetheless, IMS-NJ, IMS-GA, and IMS-FL all argue that corporate documents showing their mailing address as Denver, Colorado means their principal place of business is Colorado.  (ECF Nos. 31-1 at pp. 9-11 and 34-1 at pp. 10-12.)  However, none of the officers listed in these documents is located in Colorado.  (ECF Nos. 31-3 and 34-3, Exhs. A-E, H (listing CEO Petkov in Georgia; VP Dering in California; CFO Arevalo in Florida; and Secretary Acevedo in New York)).[3]

---

and 32-2 at ¶¶ 4, 39.)

[3]     Defendants IMS-NJ, IMS-GC, IMS-TX, IMS-GA, IMS-Miami, IMS-FL, and IMS-Tampa request that the Court take judicial notice of several publicly filed

Several different addresses are consistently used by IMS-NJ.  (ECF No. 89 at pp. 16-18.)  Since the treasurer is currently located in Florida, financial documents come from and use the Tampa, Florida address.  (ECF No. 96 at p. 10; Dering Depo. at pp. 21-22, 26-29.)  There is only one officer based in Denver, Colorado, she is only there part-time, and is planning to move to Georgia to spend more time with her husband who is based in Georgia.  (*See* ECF No. 96 at p. 9; Dering Depo. at pp. 10-12; ECF No. 89 at p. 15; ECF No. 92, Exh. 30 at p. 858.)  Although the current president (Petkov) says the "headquarters" of IMS-NJ is in Denver, Colorado, he lives and works out of his office in Cedartown, Georgia.  (ECF No. 31-2 at ¶ 4.)  At various times, in various legal documents filed over the past few years, the corporation has listed as its "headquarters" or "principal place of business" Georgia, Colorado and Florida.  Most of the current officers are based out of Georgia. (ECF No. 89 at p. 15.)  Current officers live in California, Georgia, Florida, New York, Puerto Rico and Colorado (part time) (ECF Nos. 89-9 at ¶ 6 and 91 at Exh. 14.)  Vice President Dering has not been to Colorado for a meeting in about a year.  (Dering Depo. at p. 10.)

With respect to IMS-GA and IMS-FL, both claim they are "local churches" created to provide places of worship in their geographical areas (not Colorado).  (ECF No. 91, Exhs. 16 and 17.)  IMS-GA lists only business locations in Georgia; it does not identify any business location or church in Colorado. (ECF No. 91, Exh.

---

documents in support of their motions to dismiss or transfer pursuant to Federal Rule of Evidence 201.  (ECF No. 31-3, 32-3, 34-3, 39-3.)  The Court **GRANTS** the requests under Federal Rule of Evidence 201 as to all publicly filed documents relied upon and takes judicial notice of the fact these documents were filed bearing the representations contained therein.  *See* Fed. R. Evid. 201(b)(2) (a court may take judicial notice of a fact that "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned"); *L'Garde, Inc. v. Raytheon Space and Airborne Sys.*, 805 F.Supp.2d 932, 937-38 (C.D. Cal. 2011).  "Plaintiff does not object to the Court taking judicial notice of the 'fact' of these documents having been filed."  (ECF No. 89-1 at p. 3.)

16 at pp. 563-64 (Response to Interrogatory #8).)  Similarly, IMS-FL lists only business locations in Florida; it does not identify any business location or church in Colorado.  (ECF No. 91, Exh. 17 at p. 608 (Response to Interrogatory #8) and p. 615 (Response to Supplemental Interrogatory #8).)  Finally, Ciro Arevalo says he handled the day-to-day activities of IMS-FL out of his office in Orlando, FL. (ECF No. 91, Exh. 17 at p. 614 (Response to Supplemental Interrogatory #5).)

## II.    LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(1), a party may move to dismiss based on the court's lack of subject-matter jurisdiction.  *See* Fed. R. Civ. P. 12(b)(1).  In such a motion, the plaintiff bears the burden of establishing the court's subject-matter jurisdiction.  "A federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears."  *Stock West, Inc. v. Confederated Tribes of the Colville Reservation*, 873 F.2d 1221, 1225 (9th Cir. 1989) (citation omitted).  A Rule 12(b)(1) jurisdictional attack may be either facial or factual.  *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000).

In a facial attack, the challenger asserts that the allegations in the complaint are insufficient on their face to invoke federal jurisdiction, even assuming that all of the allegations are true and construing the complaint in the light most favorable to the plaintiff.  *See Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004; *Savage v. Glendale Union High Sch.*, 343 F.3d 1036, 1039 n.2 (9th Cir. 2003).  "By contrast, in a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction."  *Safe Air for Everyone*, 373 F.3d at 1039.  "[T]he district court is not restricted to the face of the pleadings, but may review any evidence, such as affidavits and testimony, to resolve factual disputes concerning the existence of jurisdiction."  *McCarthy v. United States*, 850 F.2d 558, 560 (9th Cir. 1988).  "Once the moving party has converted the motion to dismiss into a factual motion by presenting affidavits or other evidence properly brought before the court, the party opposing the motion

1   must furnish affidavits or other evidence necessary to satisfy its burden of

2   establishing subject matter jurisdiction." *Savage*, 343 F.3d at 1039 n.2.

3   **III.   ANALYSIS**

4   **A.   Plaintiff Fails To Allege Sufficient Facts For Diversity Jurisdiction**

5   Plaintiff alleges federal jurisdiction based on diversity of citizenship.   In

6   order to establish diversity of citizenship, plaintiff must allege that it is a citizen of a

7   state that is different than the citizenship of every defendant.   28 U.S.C. §1332;

8   *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996).   "The burden of persuasion for

9   establishing diversity jurisdiction, of course, remains on the party asserting it."

10   *Hertz Corp. v. Friend*, 559 U.S. 77, 96 (2010).   The diversity statute is strictly

11   construed, and any doubts are resolved against finding jurisdiction.   *Kantor v.*

12   *Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1092 (9th Cir. 1982) (citing *Shamrock Oil*

13   *& Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941)).   "When challenged on

14   allegations of jurisdictional facts, the parties must support their allegations by

15   competent proof."   *Hertz*, 559 U.S. at 96-97; *Trentacosta v. Frontier Pacific*

16   *Aircraft Industries, Inc.*, 813 F.2d 1553, 1558 (9th Cir. 1987). "Since the party

17   invoking the federal court's jurisdiction has the burden of proving the actual

18   existence of subject matter jurisdiction, regardless of the pleadings allegations, the

19   courts have held that the pleader must establish jurisdiction with evidence from

20   other sources." *Trentacosta*, 813 F.2d at 1559 (citing 5 C. Wright & A. Miller,

21   Federal Practice and Procedure, § 1363, at 653–54 (1969)).   The allegations in the

22   pleading are merely evidence on the issue.  *Id*. at 1558.

23   The mere filing of a form with the Secretary of State is insufficient.  *Hertz*,

24   559 U.S. at 97; *L'Garde, Inc.*, 805 F.Supp.2d at 940.  Simply alleging that a party is

25   a resident of a state is also insufficient.  *See* 28 U.S.C. § 1332.  It is the fact that the

26   party is a citizen of the state which is critical.  *Id.*; *Luehrs v. Utah Home Fire Ins.*,

27   450 F.2d 452, 454 (9th Cir. 1971); *Kanter v. Warner-Lambert Co.*, 265 F.3d 853,

28   857 (9th Cir. 2001).

1     In addition, when a corporation is a party, it "shall be deemed to be a citizen

2 of any state by which it has been incorporated *and of the State where it has its*

3 *principal place of business*." *Hertz*, 559 U.S. at 60 (emphasis in original), citing 28

4 U.S. C. §1332(c)(1).  Thus, every corporation is typically a citizen of two states for

5 determining diversity jurisdiction. *Breitman v. May Co. California*, 37 F.3d 562,

6 564 (9th Cir. 1994).  This means, simply alleging that a corporation is incorporated

7 in a particular state is insufficient.  *Luehrs*, 450 F.2d at 454.

8     Unfortunately, as noted by the Supreme Court in *Hertz*, "the phrase 'principal

9 place of business' has proved more difficult to apply than its originators likely

10 expected." *Hertz*, 559 U.S. at 89.  In an attempt to simplify the analysis, the

11 Supreme Court concluded "that 'principal place of business' is best read as

12 referring to the place where a corporation's officers direct, control, and coordinate

13 the corporation's activities." *Id.* at 92-93.  "[I]n practice, it should normally be the

14 place where the corporation maintains its headquarters—provided that the

15 headquarters is the actual center of direction, control, and coordination…and not

16 simply an office where the corporation holds its board meetings." *Id.* at 93.  A

17 corporation should have one "principal place of business" not multiple places.  *Id.*

18     In *New Alaska Dev. Corp. v. Guetschow*, 869 F.2d 1298 (9th Cir. 1989), the

19 Ninth Circuit pointed out that the plaintiff's complaint itself was defective.  *Id*. at

20 1301.  First, it didn't allege that the defendant's "principal place of business" was

21 not the same as the plaintiff's citizenship.  *Id*.  Second, the allegations in the

22 complaint themselves indicated that the defendant's principal place of business

23 appeared to be Alaska, the same as the plaintiff's citizenship.  *Id*.

24     Like the plaintiff in *New Alaska*, Plaintiff's FAC is defective.  The FAC fails

25 to allege any principal place of business for any of the seven defendants but instead

26 alleges that "American Union" (grouping six of the defendants together) "has not

27 maintained any principal place of business" but has business activities in various

28 states.  (ECF No. 15 at ¶16.)  Again, like the Plaintiff in *New Alaska*, the FAC then

goes on to list various allegations detailing how the principal place of business could be Colorado which would defeat diversity jurisdiction. (ECF No. 15 at ¶¶ 40, 41, 45-48, 80, 101, 165.)  Nowhere in the Complaint does it allege that the principal place of business of these defendants is not Colorado.  Therefore, Defendants' Motions to Dismiss for lack of subject matter jurisdiction are **GRANTED.**

It is possible Plaintiff could amend the Complaint to sufficiently show diversity of citizenship.  Although Defendants IMS-NJ, IMS-GA, and IMS-FL claim their principal place of business is Colorado, in fact, there appears to be minimal activity in the state.  The officers appear to direct, control, and coordinate corporate activities through their homes, which are in Georgia (Petkov), California (Dering), Florida (Arevalo), and New York (Acevedo). (ECF No. 31-3 at. Exhs. A-E, H.)  Further, financial documents come from and use an address in Tampa, Florida. (Dering Depo. at pp. 21-22, 26-29.)  Therefore, Plaintiff is given leave to amend his FAC.  If he chooses to do so, he must do so within 45 days.

### B.    Plaintiff's Motions For Sanctions Are Denied

Federal Rule of Civil Procedure 11(b) requires that pleadings not be pursued for an improper purpose (*i.e.* harassment, unnecessary delay or increasing the costs of litigation) and that arguments and legal contentions be non-frivolous and have evidentiary support.  Fed. R. Civ. P. 11(b).  A court may impose sanctions for a violation of this rule.  Fed. R. Civ. P. 11(c).

Plaintiff points to numerous misstatements and contradictions in the Defendants' papers and argues that these contradictions support his request for sanctions in this case.

Admittedly, there appears to be much confusion on the part of the defendant witnesses regarding where each defendant is incorporated and where its principal place of business is.  This may support Plaintiff's argument that these entities are not truly separate but one entity.  However, it also is clear that identifying a principal place of business for a corporation that operates largely out of director's

1   garages and via the internet is difficult.   Ultimately, the misstatements in the
2   moving papers go to the weight that should be given to their declarations.   This
3   Court declines to find that the motion papers were frivolous or that there were any
4   intentional misrepresentations.   Therefore, this Court **DENIES** Plaintiff's Motions
5   for Sanctions.

6   **IV.   CONCLUSION**

7       For the foregoing reasons, Defendants' Motions to Dismiss (ECF Nos. 31,
8   32, 34, 39) are **GRANTED** with **LEAVE TO AMEND**.  Plaintiff is given 45 days
9   to refile an amended complaint.  Plaintiff's Motions for Sanctions (ECF Nos. 50,
10  52, 55, 62, 69, 72) are **DENIED**.

11      **IT IS SO ORDERED.**

13  **DATED:  August 26, 2014**

14  Hon. Cynthia Bashant
    United States District Judge