UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEINAR MYHRE,<br><br>                Plaintiff,<br><br>   v.<br><br>SEVENTH-DAY ADVENTIST CHURCH REFORM MOVEMENT AMERICAN UNION INTERNATIONAL MISSIONARY SOCIETY, *ET AL.*<br><br>                Defendants. | Case No. 13-cv-02741-BAS(RBB)<br><br>**ORDER GRANTING IN PART DEFENDANTS' MOTIONS TO DISMISS OR, IN THE ALTERNATIVE, TO TRANSFER VENUE**<br><br>(ECF Nos. 124, 125, 126) |

      Pending before the Court are three motions to dismiss or, in the alternative, to transfer venue (ECF Nos. 124, 125, 126), filed by defendants Seventh-Day Adventist Church Reform Movement American Union International Missionary Society, a New Jersey Corporation ("IMS-New Jersey"); the Seventh-Day Adventist Church Reform Movement American Union International Missionary Society, a Texas Corporation ("IMS-Texas"); Seventh-Day Adventist Church Reform Movement American Union IMS, Inc., a Georgia Corporation ("IMS-Georgia"); Miami Dade Area Seventh-Day Adventist Church Reform Movement, International Missionary Society, Inc., a Florida Corporation ("IMS-Miami"); the Seventh-Day Adventist Church Reform Movement American Union International

Missionary Society, a Florida Corporation ("IMS-Florida"); International Missionary Society Seventh-Day Adventist Church Reform Movement General Conference ("IMS-General Conference"), and Tampa Bay Area Seventh-Day Adventist Church Reform Movement, International Missionary Society, Inc. ("IMS-Tampa") (collectively hereinafter referred to as "Defendants"). Plaintiff Steinar Myhre ("Plaintiff") opposes.

A hearing on the motions was held before this Court on October 27, 2014. The Court, after having considered the moving, opposing, and reply papers, and Plaintiff's response to evidentiary objections, inclusive of the prior filings referenced in those papers, and after full consideration of the matter and hearing oral argument, finds as follows:

1. The Court **GRANTS** Defendants' motions to transfer venue and finds that the Northern District of Georgia is the proper venue.

2. Because the Court grants Defendants' motions to transfer venue, the Court declines ruling on the other grounds set forth in Defendants' motions to dismiss. The Court also declines Plaintiff's request at oral argument to specifically rule on Defendants' motion to dismiss for failure to state a claim, finding that issue is best reserved for the Northern District of Georgia.

I. DISCUSSION

A. Applicable Standards for Transfer of Venue

Under 28 U.S.C. § 1404(a), a district court may transfer any civil action for the convenience of parties and witnesses, and in the interests of justice, to any judicial district where the action might have been brought. 28 U.S.C. § 1404(a). The United States Supreme Court in *Van Dusen v. Barrack*, 376 U.S. 612 (1964) explained that the purpose of section 1404(a) is to prevent the waste of time, energy, and money, and to protect litigants, witnesses, and the public against unnecessary inconvenience and expense. *Id.* at 616.

A motion for transfer lies within the broad discretion of the district court and

is determined on an individual basis. *See Jones v. GNC Franchising, Inc*., 211 F.3d 495, 498 (9th Cir. 2000). In evaluating a motion to transfer venue and in determining the proper venue for transfer, district courts generally consider eight factors. *See Hawkins v. Gerber Products, Inc*., 924 F.Supp.2d 1208, 1212-1213 (S.D. Cal. 2013). The eight factors include: "(1) plaintiff's choice of forum; (2) convenience of the parties; (3) convenience of the witnesses; (4) ease of access to the evidence; (5) familiarity of each forum with an applicable law; (6) feasibility of consolidation with other claims; (7) any local interest in the controversy; and (8) the relative court congestion and time of trial in each forum." *Id*. at 1213; *Williams v. Bowman*, 157 F.Supp.2d 1103, 1106 (N.D. Cal. 2001); *see also Jones*, 211 F.3d at 498-99; *Decker Coal Co. v. Commonwealth Edison Co*., 805 F.2d 834, 843 (9th Cir. 1986).

For the reasons set forth below, the Court finds that this action might have been brought in the Northern District of Georgia pursuant to 28 U.S.C. § 1391, and consideration of the factors weighs in favor of transferring this matter to the Northern District of Georgia.

### B. Plaintiff's Choice of Forum/Venue

It is undisputed that Plaintiff was never a resident of the Southern District of California. Deference to a plaintiff's choice of venue is reduced when the plaintiff does not reside in the chosen venue. *Williams*, 157 F.Supp.2d at 1106.

Plaintiff's proffered connection and basis for electing the Southern District of California is the IMS-General Conference's incorporation in California, the related existence of an IMS-New Jersey affiliated church in Vista, California, and some unidentified personnel in Oceanside, California, but the events that precipitated the complaint in this matter largely occurred in the Central District of California where Plaintiff was located at the time. However, Plaintiff has since moved to Colorado and no longer lives in California thereby lessening California and the Central District of California's interest in the resolution of this dispute.

The Court also finds that many of the events complained of in Plaintiff's operative complaint occurred via telephone which, on the whole, largely occurred from the corporate headquarters in, and included participants located in, the Northern District of Georgia. Significantly, none of the events occurred in the Southern District of California. Although IMS-General Conference, IMS-New Jersey, and IMS-Texas do business in California, the other corporate defendants do not. The other corporate defendants would be subject to liability in the Southern District of California solely if Plaintiff could show an identity of interests with the other defendants. In any event, the Court finds that neither Plaintiff nor Defendants have residence or their principal places of business in the Southern District of California.

### C. Convenience of Parties and Witnesses

Regarding the factors of convenience of the parties and witnesses, the Court finds the balance of interests again weigh in favor of the Northern District of Georgia.

While Plaintiff asserts there is no principal place of business for the various corporate defendants, the Court finds that the principal places of business for IMS-General Conference, IMS-New Jersey, IMS-Georgia, and IMS-Florida, as of today, are all in the Northern District of Georgia. The Court further finds that IMS-Texas, IMS-Miami, and IMS-Tampa all request transfer to the Northern District of Georgia and consent to jurisdiction in that district. Accordingly, the convenience of the parties weighs in favor of the Northern District of Georgia.

The convenience of the witnesses also weighs in favor of the Northern District of Georgia. The Court reviewed the prospective witnesses, inclusive of the one-hundred and twenty four (124) prospective witnesses identified by Plaintiff in his initial disclosures. (*See* ECF No. 92-12.) The Court finds the majority of witnesses are located in Georgia or Florida. Only twelve of the potential witnesses are in California and none are in the Southern District of California. In addition,

five of the twelve would be testifying about corporate structure only, presumably something many other witnesses could cover in their testimony. In addition, as noted above, a number, if not the majority, of key witnesses taking part in the telephonic meetings at issue in the case were and are located in the Northern District of Georgia.

### D. Remaining Factors

As to the remaining factors generally considered by courts in exercising discretion to grant a motion for transfer, the Court finds those factors to be neutral or otherwise do not support venue in the Southern District of California.

## II. CONCLUSION & ORDER

For the foregoing reasons, the Court **GRANTS** Defendants' motions to transfer venue (ECF Nos. 124, 125, 126) and finds that the Northern District of Georgia is the proper venue.

**IT IS THEREFORE ORDERED** that the Clerk of this Court transfer this matter to the United States District Court for the Northern District of Georgia.

**IT IS SO ORDERED.**

DATED: December 8, 2014

Hon. Cynthia Bashant
United States District Judge